[No. B002720. Second Dist., Div. Four. May 15, 1985.]

In re the Marriage of MAUREEN E. and THEODORE PALMER.
MAUREEN E. PALMER, Respondent, v.
THEODORE PALMER, Appellant.

COUNSEL

Frank Salz for Appellant.

Harvey J. Sotolov for Respondent.

OPINION

**KINGSLEY, Acting P. J.**—This case involves the property provisions of an interlocutory decree of dissolution.[1] The marriage herein involved, lasting over 12 years, has had a history of disagreements, separations and reconciliations, resulting ultimately in the present separation in June 1980. The wife had filed the first petition for dissolution on August 23, 1977.[2] A decree of final judgment of dissolution was entered on January 23, 1981. The proceedings on the reserved issues dragged on until the decree herein involved was entered on August 15, 1983. The husband has appealed.[3]

The parties are mature and each has, at all times during the marriage been gainfully employed—the wife as a school teacher and the husband as a chiropractor. There are no children.[4]

I

A major issue on this appeal involves the family residence. It was purchased three months after the marriage with a down payment, using money loaned by the wife's mother. After the mother's death, payments were made on the house using funds inherited by the wife toward the purchase and other expenses, a total of approximately $34,000. The trial court awarded her a credit of that amount in the final adjustment. The property and its furnishings were awarded to the wife, she being ordered to pay to the husband $20,000 to equalize the total distribution.

It is the husband's contention here that, since there was, as he claims, no agreement involving the wife's contributions, they must be presumed to

---

[1]No issue as to the dissolution decree itself is here raised.

[2]Proceedings on the wife's petition were not actually begun until the 1980 separation. They proceeded with only normal delays until the decree of January 1981.

[3]The husband's brief here attacks only three parts of the 1983 decree. Neither party has objected to any of the other provisions of the 1983 decree; therefore we affirm the provisions not attacked in the briefs here.

[4]The wife has two children by a previous marriage, who reside with her. They are not involved in this action.

have been gifts by her to the community and not matters for credit. As of the date of the hearing that was the law. However, the husband's claim here fails for two reasons:

The wife testified that she had carefully kept all of the contributions herein involved paid out of separate funds, not intending any gift to the community and that the husband at all times knew of that intention. The trial court, as was its prerogative, believed the wife; treated her testimony as the equivalent of the interspousal agreement which, admittedly, rebutted the otherwise "presumed" gift.

(2) In 1983, the Legislature enacted section 4800.2 of the Civil Code, reading as follows: "In the division of community property under this part unless a party has made a written waiver of the right to reimbursement or signed a writing that has the effect of a waiver, the party shall be reimbursed for his or her contributions to the acquisition of the property to the extent the party traces the contributions to a separate property source. The amount reimbursed shall be without interest or adjustment for change in monetary values and shall not exceed the net value of the property at the time of the division. As used in this section, 'contributions to the acquisition of the property' include downpayments, payments for improvements, and payments that reduce the principal of a loan used to finance the purchase or improvement of the property but do not include payments of interest on the loan or payments made for maintenance, insurance, or taxation of the property." That new rule was part of chapter 342, Statutes of 1983, section 4, which chapter provided as follows: "This act applies to the following proceedings:

"(a) Proceedings commenced on or after January 1, 1984.

"(b) Proceedings commenced before January 1, 1984, to the extent that proceedings as to the division of the property are not yet final on January 1, 1984." The present cause is before us on appeal in April of 1985. Obviously, the property division is not yet final and will not become final until our present opinion has become final and any further proceedings we might direct have been taken and have become final. It follows that the judgment before us, which fully conforms to the new section 4800.2, must be affirmed.[5]

## II

The parties also own a building on Lake Street in Pasadena, part of which houses Dr. Palmer's chiropractic office. It was purchased in 1980,

---

[5]Even if we were to reverse on the husband's theory, the proceedings on remand will necessarily be after January 1, 1984, and the order on remand will follow new section 4800.2 and be identical with the one before us now.

five months after the present separation. Dr. Palmer testified that $50,000 toward the purchase price was a gift from his mother and that $50,000 was from money earned during separations. No records were introduced to substantiate that claim. All that the evidence shows is that Dr. Palmer had $50,000 from earnings by 1980. If Dr. Palmer did have net earnings during the 25 months of separation, we have no records to prove that fact, nor that, in 25 months, his practice was so profitable as to produce savings of the amount now claimed. The trial court, on the record before it, was entitled to find that all of the $50,000 was from earnings during the times the parties lived together.

### III

The trial court valued Dr. Palmer's medical practice at $72,000. In so doing the court followed the values made by the wife's appraiser and rejected the values made by the husband's appraiser. We cannot substitute one set of values for that selected by the trial court, whose exclusive function it is to select which witness to believe.

The judgment is affirmed. Neither party shall recover costs in this court.

Arguelles, J., and Dunn, J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.